# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| LAKSHMI DISTRIBUTORS, LLC )<br>f/k/a LAKSHMI DISTRIBUTORS, )<br>INC. )<br> )<br>    PLAINTIFF, )<br> )<br>v. )<br> )<br>SAUMIL P. PATEL and )<br>BHAVESH PATEL d/b/a )<br>C STORE DISCOUNT WHOLESALE, )<br> )<br>    DEFENDANTS. ) | Case No.: _____ |

## COMPLAINT

Plaintiff Lakshmi Distributors, LLC f/k/a Lakshmi Distributors, Inc. ("Lakshmi"), by and through its undersigned counsel, files this Complaint against Defendants Saumil P. Patel ("S. Patel") and Bhavesh Patel (B. Patel") d/b/a C Store Discount Wholesale (Saumil P. Patent and Bhavesh Patel are referred to herein collectively as the "Patels") and alleges as follows:

### Nature of the Action

1. This is a trademark infringement action relating to Patels' infringement of Lakshmi's common law trademark rights in the trademarks CStore and C-Store Master, as well as other CStore formative marks (collectively, the "CStore Marks").

Lakshmi also seeks damages pursuant to certain state law claims arising from Patels' conduct as described herein.

## Parties

2. Lakshmi is a limited liability company organized and existing under the laws of the State of Alabama. Lakshmi's principal place of business is 3100 University Drive NW, Huntsville, Alabama 35816. Lakshmi offers wholesale goods of various kinds to convenience stores through its website www.cstoremaster.com. Lakshmi, or its predecessors in interest, have operated its wholesale distribution business in North Alabama since 2015.

3. Upon information and belief, S. Patel is an adult resident of the State of Alabama.

4. Upon information and belief, B. Patel is an adult resident of the State of Alabama.

5. Patels operate a business within the State of Alabama with a principal place of business at 2419 Bell Manor Drive SW, Huntsville, Alabama 35803. Patels operate a wholesale distribution business similar or identical to Lakshmi's business in North Alabama.

Jurisdiction & Venue

6.      This complaint seeks declaratory, equitable, and legal relief. This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331.

7.      This Court has supplemental jurisdiction over Lakshmi's state law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9.      This Court has personal jurisdiction over Patels as they reside in the State of Alabama and regularly conduct business within this the state and within the Northern District of Alabama.

Facts Common to All Counts

10.     Lakshmi has used the CStore Marks in connection with its wholesale distribution business in North Alabama since 2015. The CStore Marks are well known in North Alabama. Lakshmi has developed substantial goodwill in the CStore Marks, which are distinct and have become known by the general public in the region where Lakshmi does business. Moreover, the CStore Marks are a valuable source identifier to Lakshmi for customers in need of Lakshmi's services and products.

11.     Lakshmi's use of the CStore Marks has created substantial goodwill therein. Lakshmi owns Alabama State Trademark No. 119-381 for C-StoreMaster.

*See* Exhibit A.  To further protect the goodwill created by the use of the CStore Marks, Lakshmi filed two (2) applications, specifically Application Serial Nos. 90/174,266 and 90/174,273, with the United States Patent and Trademark Office seeking Federal registration of the CStore Marks on the Principal Register.

12. In or about summer of 2020, Patels began a competing wholesale distribution business named C Store Wholesale Distribution or C Store Discount Wholesale.  As a result of Patels' unauthorized use of the CStore Marks and other misrepresentations as to their identity or origin of their services, multiple actual and potential customers suffered from action confusion.

13. Upon information and belief, Patels have caused actual consumer confusion amongst Lakshmi's customers, namely convenience stores, on multiple occasions.  In October 2020, Patels' actions caused Lakshmi's customers to contact Lakshmi and inquire about pricing on certain products, the availability of certain products sold by the Patels, but not Lakshmi.  All of Patels' actions occurred in the Northern District of Alabama.

14. Once Lakshmi became aware of Patels' infringing actions, Lakshmi informed Patels of such on or about September 2, 2020.  *See* Exhibit B.  To date, Patels have not responded to the letter.  Accordingly, Patels are not now, nor have they ever been, authorized to use the CStore Marks.  To the contrary, any use of the CStore Marks is without the consent, permission, or license from Lakshmi.

## Count I

15. Lakshmi hereby incorporates paragraphs 1 through 14, inclusive, as if fully set forth herein.

16. Lakshmi has continuously used the CStore Marks in connection its wholesale distribution business since 2015 and, accordingly, has established common law trademark rights in the CStore Marks. The CStore Marks are valid and protectible.

17. Patels' unauthorized and continued use of the CStore Marks in connection with his wholesale distribution business constitutes infringement of Lakshmi's common law trademark rights, misappropriates the valuable goodwill developed by Lakshmi in the CStore Marks, and is likely to cause confusion among the relevant consumers.

18. Patels are aware of Lakshmi's ownership of the CStore Marks. Their continued use of the CStore Marks constitute willful infringement of Lakshmi's rights in the CStore Marks.

19. Patels' acts of willful infringement of Lakshmi's rights in the CStore Marks have caused and, unless restrained, will continue to cause great and irreparable injury to Lakshmi, Lakshmi's business, and to the goodwill and reputation of Lakshmi in an amount that cannot be ascertained at this time, leaving Lakshmi no adequate remedy at law.

20. Patels' acts are the proximate cause of such injury and damage.

21. By reason of the foregoing, Lakshmi is entitled to preliminary and permanent injunctive relief against Patels, and anyone acting in concert with therewith, to restrain further acts of infringement of Lakshmi's rights and, after trial, to recover any damages proven to have been caused by reason of Patels' aforesaid acts of infringement and any enhanced damages justified by the willful and intentional nature of such acts.

## Count II

22. Lakshmi hereby incorporates paragraphs 1 through 14, inclusive, as if fully set forth herein.

23. Patels' actions constitute unlawful and/or unfair acts, and therefore constitute an unfair method of competition in violation of the common law of the State of Alabama.

24. Patels' actions constitute passing off its goods and services as those of Lakshmi and a false representation that its goods are affiliated with or sponsored by Lakshmi, when in fact they are not, and therefore constitute an unfair method of competition in violation of the common law of the State of Alabama.

25. Lakshmi has been damaged by Patels' actions, and is likely to continue to be damaged in the future.

26. By virtue of the foregoing, Lakshmi is entitled to damages in an amount to be proved at trial, and an injunction restraining future violations.

## Count III

27. Lakshmi repeats and re-alleges the allegations of paragraphs 1 through 14, inclusive, as if set forth fully herein.

28. Patels' actions constitute trademark infringement in violation of the common law of the State of Alabama.

29. Lakshmi has been damaged by Patels' actions and is likely to continue to be damaged in the future.

30. By virtue of the foregoing, Lakshmi is entitled to damages in an amount to be proved at trial, and an injunction restraining future violations.

## Count IV

31. Lakshmi repeats and re-alleges the allegations of paragraphs 1 through 14, inclusive, as if set forth fully herein.

32. Patels' actions violate Ala. Code § 8-12-16 (1975).

33. Lakshmi has been damaged by Patels' actions and is likely to continue to be damaged in the future.

34. By virtue of the foregoing, Lakshmi is entitled to damages in an amount to be proved at trial, and an injunction restraining future violations.

## Count V

35. Lakshmi repeats and re-alleges the allegations of paragraphs 1 through 14, inclusive, as if set forth fully herein.

36. Through its unauthorized use of the CStore Marks, passing off its services as Lakshmi, and/or otherwise using false or misleading representations regarding its services, Patels engaged in deceptive acts or practices in the conduct of its business by causing confusion and/or misunderstanding as to its affiliation, connection, and/or association with Lakshmi. This conduct violates section 8-9-5(1)-(3) and/or (27) of the Alabama Code.

37. Patels' actions constitute unfair or deceptive acts or practices in trade or commerce affecting public interest, which are capable of repetition, and have caused Lakshmi to suffer losses as a result of those unfair or deceptive trade practices.

38. Patels have caused irreparable harm and injury to Lakshmi and to its goodwill and reputation, and its actions will continue to both damage Lakshmi and confuse the public unless enjoined by this Court. Lakshmi has no adequate remedy at law.

## Jury Demand

39. Lakshmi demands a trial by jury on all issues so triable.

Prayer For Relief

40. Lakshmi respectfully requests the following relief:

A. That Patels, their representatives and all those in privity with or acting under their direction and/or pursuant to their control, be permanently enjoined and restrained from directly or indirectly:

i. Using the marks CStore and CStore Master, or any marks confusingly similar thereto;

ii. Performing any acts or using any service marks, trademarks, names, words or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Lakshmi and Patels are one and the same or are in some way connected or that Patels are in some manner affiliated or associated with or under the supervision or control of or licensed by Lakshmi or that services or goods of Patels originate with Lakshmi;

iii. Using any service marks, trademarks or trade names or engaging in any other conduct that creates a likelihood of injury to the business reputation of Lakshmi; and

iv. Using any trade practice whatsoever, including those complained of herein, which tends to unfairly compete with or injure Lakshmi, its business and the goodwill appertaining thereto;

B. That Patels, their representatives and all those in privity with or acting under their direction and/or pursuant to their control, be required to deliver up for destruction all merchandise, labels, signs, cartons, tags, boxes, papers, statements, invoices, advertising, promotional and any other materials bearing the CStore Marks together with all plates, molds, matrices, and other means and materials for making and reproducing the same;

C. That Patels be required to pay to Lakshmi compensatory damages for the injury sustained by Lakshmi, trebled pursuant to statute;

D. That Patels be required to account to Lakshmi for any and all gains, profits and advantages derived by them from the activities complained of herein, trebled pursuant to statute;

E. That Patels be required to pay to Lakshmi the cost of this action, together with her reasonable attorney's fees; and

F. Such other and further relief as the Court deems just and proper.

*/s/ C. Gregory Burgess*
_____
C. Gregory Burgess (ASB-1519-R79C)
Jeremy A. Smith (ASB-1731-J73S)

**Lakshmi Distributors, LLC f/k/a Lakshmi Distributors, Inc.**

**OF COUNSEL:**

**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087 (35804)
2101 West Clinton Avenue, Suite 102
Huntsville, Alabama 35805
Telephone Number: (256) 535-1100
Facsimile Number: (256) 533-9322
Email: cgb@lanierford.com
       jas@lanierford.com

**Defendants are to be served at the following addresses by special process server:**

Bhavesh Patel
d/b/a C STORE DISCOUNT WHOLESALE
c/o 2419 Bell Manor Drive SW
Huntsville, Alabama 35803

Saumil P. Patel
c/o 2419 Bell Manor Drive SW
Huntsville, Alabama 35803

11